CHARLES REEDER vs. FANNIE E. MARTIN.

*Mortgagor and mortgagee—Usury—Question as to the right to recover back Usurious interest paid under a Mortgage, after it has been Released, and a new Mortgage substituted for it.*

Property subject to a mortgage upon which usurious interest had been paid, was conveyed to F. E. M., who subsequently made an agreement with C. R. the mortgagee, under which the mortgage was released, and a lease made of part of the property, and a new mortgage for the same amount was made by F. E. M. to C. R., of the reversion under said lease, and of the residue of the property covered by the original mortgage. HELD :

1st. That there was no such privity of interest or estate between F. E. M. and the original mortgagor as to entitle her to have credited upon her mortgage debt, sums in excess of legal interest, paid by the original mortgagor on his mortgage debt prior to the execution of her mortgage.

2nd. That if F. E. M. had taken the property subject to the original mortgage, and without change of her relations to the mortgagor and mortgagee, except as mere purchaser of the equity of redemption, whatever rights to re-imbursement for usurious payments subsisted in the original mortgagor, would have enured to her.

3rd. That the mortgage made by her was substantially a new and original undertaking on her part, limited in its relations and incidents to the period of its inception and the time since elapsed.

APPEAL from the Circuit Court of Baltimore City.

On the 29th of March, 1867, Samuel B. Martin borrowed from Charles Reeder $4,000 for three years, agreeing to pay eight per cent. per annum interest, and to secure the repayment of this sum Martin and his wife executed to Reeder a mortgage of certain real estate in the City of Baltimore. The bonus of two per cent. for the three years, amounting to $240, was deducted at the time of

executing the mortgage, making the sum of $3,760 actually advanced by Reeder. Afterwards Martin conveyed the property included in the Reeder mortgage and subject thereto to Fannie E. Martin, the appellee.

On or about the 22nd of February, 1873, the appellee, desiring to create a ground-rent by leasing part of the property included in Reeder's mortgage, requested Reeder to release the mortgage from Samuel B. Martin and wife to him, and to take a new mortgage upon the reversion in the property leased, and the residue of the property included in the original mortgage from Samuel B. Martin and wife. Reeder acceded to the request, released the mortgage from Samuel B. Martin and wife, and gave up Samuel B. Martin's notes; and Fannie E. Martin then executed a new mortgage to Charles Reeder to secure the $4,000 due him. Shortly before the institution of these proceedings the appellee applied to the appellant to release the mortgage for $4,000, offering to pay him the sum of $1,332.90, which the appellant refused to do, but offered to release it upon the payment of $3,020, being the amount which would be due him, after allowing for all payments, at 6 per cent. interest from the time of the execution of the mortgage by the appellee to the appellant. Subsequently the appellee offered to convey to the appellant a ground-rent of $120, which the appellant declined, and filed the petition for a decree under the consent clause in the mortgage. An *ex parte* decree was filed, and the trustee was proceeding thereunder, when the appellee filed her petition alleging that only $1,332.90 was due upon the mortgage given by her, and paid that amount into Court; whereupon the Court stayed proceedings under the decree and referred the case to the auditor to state an account. After taking testimony the auditor stated an account showing $1630.10 due as of the 8th day of March, 1880. The complainant filed exceptions to the auditor's account, which the Court (DOBBIN, J.,) overruled, and the complainant appealed.

Reeder *vs.* Martin.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON, IRVING and RITCHIE, J.

*James McColgan*, for the appellant.

Fannie E. Martin, being a purchaser of the property with recognition of its liability to a mortgage indebtedness for a specific sum, is not entitled to claim credit for any payments over and above legal interest made by her vendor, especially after having acknowledged such indebtedness and promised to pay it. *Hough vs. Horsey,* 36 *Md.,* 181; *Studabaker, et al. vs. Marquart, et al.,* 55 *Ind.,* 341; *Perry vs. Kearns,* 13 *Iowa,* 174; *Dolman vs. Cook,* 14 *N. J. Eq.,* 63; *Barthet vs. Ellis,* 2 *Abbott, N. C.,* 364; *Stein and Wife vs. Indianapolis, &c.,* 18 *Ind.,* 243; *Sands vs. Church,* 6 *N. Y.,* 347; *Cramer vs. Lipper,* 26 *Ohio,* 62; *Green vs. Kemp,* 13 *Mass.,* 519; *De Wolf vs. Johnson,* 10 *Wheaton,* 393; *Tyler on Usury,* 65 *and* 404.

The mortgage from Samuel B. Martin and wife having been released, and his notes delivered up, and new notes and a new mortgage given by Fannie E. Martin; the contract, the security and the parties being different, and there being no suggestion that the transaction was a device or contrivance to evade the usury statute, the appellee is not entitled to go back of her own contract. *Brown vs. Waters,* 2 *Md. Ch.,* 209; *Bearce vs. Barstow,* 9 *Mass.,* 47; *Hollingsworth vs. Swickard,* 10 *Iowa,* 385; *Macungie Savings Bk. vs. Hottenstein,* 89 *Penna St.,* 330.

*Samuel Snowden,* for the appellee.

The mortgage from Samuel B. Martin to the appellant was usurious in its inception, and this taint of usury attached itself to all renewals of the original security, and every new security into which the original usurious consideration entered. *Tyler on Usury,* 246.

The release from the appellant to Fannie E. Martin, recites the mortgage from Samuel B. Martin to the appel-

lant for the sum of $4,000, and interest, &c., and that the appellee had executed a new mortgage to secure *the aforesaid sum and interest;* and the mortgage, also recites the mortgage from Samuel B. Martin to appellant, and also, that at the request of the mortgagor, he released the said mortgage, upon condition that the said Fannie E., should execute this mortgage to secure the payment of *the aforesaid sum of four thousand dollars and interest, &c.,* showing that the mortgage was executed to secure the debt of Samuel B. Martin, and consequently all the usury contained in said debt. The mere fact that she gave her own note could not eliminate from the transaction the usurious interest which was included therein. There was no settlement between the parties by which the usury was settled, but it was only a renewal of the old transaction without any superadded consideration. The request of Miss Martin was in order that she might demise a part of the lot, but the ground-rent thereon was again included in the mortgage, so that in fact no substantial part of the security was relinquished by the appellant, and his position was therefore unchanged, as it does not appear that any money was paid by Cunningham. The taking, therefore, of her note in place of the note of Samuel B. Martin, for the identical debt due by him, did not deprive her of the right to make the objection of usury to the original transaction, and to have the same abated from the claim under the mortgage. *Tyler on Usury,* 347; *Tuthill vs. Davis,* 20 *Johns.,* 285; *Vickery vs. Dickson,* 35 *Barb.,* 96.

The same debt was continued from the inception of the loan, and during the time of its continuance, and the payments for usury must therefore be applied in liquidation of the principal sum. In accordance with this principle it was so applied by the auditor.

RITCHIE, J., delivered the opinion of the Court.

The appellee claims that she is entitled to have credited upon her mortgage debt to the appellant, not only all sums in excess of legal interest that she herself has paid on account of her indebtedness, but also all similar amounts paid by Samuel B. Martin on his mortgage debt, prior to the execution of her mortgage.

We do not think there was such privity of interest or estate between her and the said Martin as to warrant this claim.

The contract between her and the appellant was a new and original one. The property covered by the mortgage of Samuel Martin was conveyed to her by him, and if she had taken the property subject to his mortgage, and without change of her relations to the mortgagor and mortgagee, except as mere purchaser of the equity of redemption, whatever rights to re-imbursement for usurious payments subsisted in Martin, would have enured to her. But, there was in fact, an extinction of the mortgage debt due by Samuel B. Martin. His note which expressed the indebtedness secured by his mortgage was surrendered to him, and the mortgage formally released. It is true, that instead of paying off this lien upon the property, she agreed to give a mortgage for a similar amount; but that was her own election; and the arrangement by which she assented to the validity of Reeder's claim to the amount of $4000, was of her own proposing; and this very concession may be fairly considered as one of the considerations moving Reeder to abandon his old claim against Martin, and accept a new obligation from her. Another element entering into the transaction between her and Reeder, and impressing it with the character of a new one, was a demise made by her of part of the premises as leasehold property, subject to which her mortgage was executed. The security taken by Reeder was less under her mortgage than under the former one, or, at least,

different in specific character. Having thus dealt with the mortgagee, she is precluded from asserting any rights which Martin may have had to recover back from Reeder. They were not transferred to her, but remain in him to be asserted or not at his own option.

It is further to be observed that Samuel Martin was not a party to the negotiations between Reeder and the appellee; the mortgage from her was not through his procurement, simply as an extension of the old indebtedness with another debtor. It was an independent transaction between Fannie Martin and Reeder, based on inducements arising between them alone. In substance, Reeder claiming a lien upon the property for $4000, Fannie Martin acknowledges and treats it as one of that extent; but proposes its extinction in the shape it then was, offering to give a fresh security, different in a material respect, substituting herself as the debtor, if the holder of the mortgage against Samuel B. Martin, will accept the property as modified in character by her act. To this Reeder assents. While in a certain sense it is true, that but for the indebtedness originally incurred by Samuel B. Martin, there would have been no incumbrance on the property to be provided for by the appellee, still we think that it was not merely a devolution of Samuel B. Martin's liability as mortgagor upon her; but substantially a new and original undertaking on her part, limited in its relations and incidents to the period of its inception and the time since elapsed. She has no warrant in law or conscience, now to go behind her bargain with Reeder, except to avail of the usury law to reclaim overpayments which she herself has made. In other words, she is restricted in such an effort to her own contract, which is the light in which we regard the giving of her own promissory note and the execution of her own mortgage, upon the release of the other.

State, use of Miller *vs.* Balto. & Ohio R. R. Co.

It results from this view of the case, that we regard the auditor's report and the order approving the same erroneous, and that the latter must be reversed, and the cause remanded, that an account may be taken limiting the credits of the appellee for usurious payments to the date of her mortgage.

*Order reversed and*
*cause remanded.*